DISSENTING OPINION BY
Senior Judge PELLEGRINI.
I respectfully dissent because the Administrative Law Judge’s (ALJ) opinion did not comply with due process or the Administrative Agency Law, 2 Pa.C.S. §§ 501-508, 701-704, as it did not discuss or even mention the evidence that R.J.W. proffered at the hearing in his defense. I also dissent because the ALJ allowed the forensic interviewer to testify about what the Child told her in the interview over the *294 objections of R.J.W. to such testimony absent the videotaped interview of the Child being produced.
I.
In this case, R.J.W. put on a full defense of the charges against him. He testified on his own behalf, including that he and the Child’s Mother were going through a bitter custody dispute when the allegations of sexual abuse were made, and that he believed the Child’s Mother coached the Child on what to say. Also, three other individuals testified as character witnesses and described the loving relationship the Child had with R.J.W. as well as their observations of the personal interactions between the Child and R.J.W. Finally, Dr. Bruce Chambers, Ph.D., a licensed psychologist, testified as an expert witness regarding forensic examinations. Dr. Chambers seriously doubted the veracity of the allegations given the known interview techniques used, as well as the inability for anyone, including him, to view the video recording of the forensic interview of the Child.
In a 16-page single-spaced opinion, with 69 findings of fact, the ALJ did not discuss or even mention any of the evidence that R.J.W. presented. The sole reference to the evidence that R.J.W. presented was found in finding of fact 67, where the ALJ found that “[R.J.W.] did not testify credibly.” That is it. The majority finds that alone offers sufficient reasoning to comply with due process. I do not.
Included in both an individual’s constitutional rights and procedural rights guaranteed by the Administrative Agency Law is the requirement that an agency explain its decision. An agency is already obligated by federal due process to state reasons for its decision. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Because of the rise of federal due process jurisprudence, the procedural requirements set forth in the Administrative Agency Law are often overlooked, but those provisions also require that an agency must set forth the reasons behind its decision. Section 507 of the Administrative Agency Law, 2 Pa.C.S. § 507, provides that:
All adjudications of a Commonwealth agency shall be in writing, shall contain findings and the reasons for the adjudication, and shall be served upon all parties or their counsel personally, or by mail.
When an agency arrives at a decision where the losing party has presented evidence that could require the agency to arrive at a different outcome, both due process and the Administrative Agency Law require the agency to, at the very least, show that it considered that evidence in arriving at its decision.
Moreover, in G.V. v. Department of Public Welfare, 625 Pa. 280, 91 A.3d 667 (2014), the Supreme Court of Pennsylvania established that the proper evidentiary standard in child abuse expunction cases is the “legislatively established substantial evidence standard.” Id. at 674. The Child Protective Services Law, 23 Pa.C.S. §§ 6301-6386, defines “substantial evidence” as “[e]vidence which outweighs inconsistent evidence and which a reasonable person would accept as adequate to support a conclusion.” 23 Pa.C.S. § 6303(a) (emphasis added). As the majority admits, this statutory standard incorporates a “weighing dynamic” that goes beyond a traditional deferential substantial evidence review. A.P. v. Department of Public Welfare, 98 A.3d 736, 742-43 (Pa.Cmwlth.2014). No “weighing dynamic” took place in this case.
Anyone who reads the ALJ’s opinion would conclude that R.J.W. did not even *295 put on a case. As mentioned previously, the opinion fails to discuss any of R.J.W.’s evidence or the contentiousness of the parties, and merely concludes that “[R.J.W.] did not testify credibly.” This conclusory statement without any examination of RJ.W.’s evidence fails to constitute the required “weighing dynamic.” A.P., 98 A.3d at 744 (“It is the factfinder’s job to make and explain credibility determinations when conducting the ‘weighing dynamic’ required by 23 Pa.C.S. § 6303(a).”).
Both because the ALJ’s adjudication does not satisfy due process and because the ALJ did not employ the required weighing dynamic, I would vacate and remand for consideration of the record in accordance with the required statutory weighing dynamic. See A.P., 98 A.3d at 745 (stating that “dismissal of one side’s evidence with a conclusory credibility determination does not suffice.”).
II.
Equally troubling is the ALJ’s decision to overrule R.J.W.’s objection regarding the lack of production of the Child’s videotaped interview. Three days after the Child’s Mother brought her to the emergency room, Jennifer Lytton (Lytton), a forensic interviewer for Washington County, conducted a forensic interview. Lytton made notes of her observations and of the Child’s statements, and the interview was also audio-video recorded. During the hearings, counsel for R.J.W. objected to Lytton’s testimony regarding the Child’s forensic interview on the ground that he was not provided with a copy of the recording made of that forensic interview. R.J.W. argued that he was prejudiced by Lytton’s testimony because there was no way for his expert to analyze Lytton’s interview style.
The ALJ overruled the objection on the circular ground that Lytton was present and testified about the Child’s statements and behavior during the forensic interview. The ALJ permitted R.J.W. to conduct extensive cross-examination of Lytton, and also noted that the Child herself also testified. These grounds do not support allowing Lytton to testify, given that the videotape is the best evidence of what the Child told her, which is confirmed by the testimony offered by the Washington County Office of Children and Youth Services (CYS).
CYS presented the testimony of Amy Russell (Russell), Deputy Director of the National Child Protection Training Center. Russell testified that a forensic interviewer has the power to suggest the desired responses through her body language or the way she phrases her questions. Citing the testimony of CYS’ own expert, the ALJ found as fact the lack of a “video or audio recording of the ... forensic interview ... introduced as evidence makes it difficult to assess the reliability of the information conveyed at the interview by [Child].” F.F. No. 59. Again, citing Russell’s testimony, the ALJ determined that the younger the child, the higher the risk of suggestibility, and younger children “may be led to claim that an event occurred when it was only a suggestion by the interviewer.” F.F. Nos. 60-61. Lytton’s testimony of what the Child told her should have been excluded because the videotape was the best evidence of what the Child actually told her and how that testimony was elicited.
Moreover, as the majority points out, the use of out-of-court statements by children in expungement cases is controlled by the Supreme Court of Pennsylvania’s decision in A.Y. v. Department of Public Welfare, 537 Pa. 116, 641 A.2d 1148 (1994). In A.Y., the Court held that uncorroborated hearsay cannot satisfy the agency’s burden unless it “was accurately recorded by au *296 dio or video equipment,” and “the statement was not made in response to questioning calculated to lead the minor to make a particular statement and was not the product of improper suggestion.” Id. at 1153. Given the potential issues with forensic interviews of extremely young children — issues which were admitted by CYS’ own expert as well as the ALJ — the testimony of Lytton should not have been allowed absent production of the videotaped interview. Because the videotape was not provided, on this basis, I would vacate the decision and remand for its introduction and evidence that goes to the forensic interview that Lytton conducted.
Accordingly, for the foregoing reasons, I respectfully dissent.